# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION II,<br><br>This Document Relates To All Actions | Master File No. 07cv482 BTM (NLS)<br><br>CLASS ACTION<br><br>**ORDER APPOINTING WASHINGTON-IDAHO LABORERS-EMPLOYERS PENSION TRUST FUND AS LEAD PLAINTIFF, AND APPROVING LEAD COUNSEL** |

Currently pending before the Court are motions for appointment as lead plaintiff and selection of lead counsel in this consolidated, putative class action. The motions were taken under submission without oral argument on July 16, 2007.

In addition to the purported class members identified in the three motions for appointment as lead plaintiff [Docs. #5,6,7], the Court, in accordance with the Private Securities Litigation Reform Act ("PSLRA"), has considered all three plaintiffs who filed complaints in these consolidated actions in reaching its determination as to the most adequate lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). For the reasons set forth below, the Court appoints the Washington-Idaho Laborers-Employers Pension Trust Fund as lead plaintiff, and approves its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Johnson & Perkinson as co-lead counsel.

## I. Appointment of Lead Plaintiff

Under the PSLRA, the Court shall appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(I). The presumptively most adequate plaintiff is the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" In re Cavanaugh, 306 F.3d 726, 730 (9th Cir. 2002).

The presumption of adequacy may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff will not fairly and adequately protect the interests of the class or is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the Court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, it must then proceed to determine whether the plaintiff with the next lower stake in the litigation has made a prima facie showing of typicality and adequacy. Cavanaugh, 306 F.3d at 731. If so, that plaintiff becomes the presumptive lead plaintiff and other plaintiffs must be given the opportunity to rebut that showing. Id.

A straightforward application of the statutory scheme "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case." Cavanaugh, 306 F.3d at 732. Once the Court identifies the plaintiff with the largest stake in the litigation, "further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements." Id.

In the present case, it is clear that the Washington-Idaho Laborers-Employers Pension Trust Fund (the "Laborers Fund"), with approximately $310,000 in losses on 154,800 shares,

has the largest financial interest in the relief sought by the class.  (See 6/22/07 Joint Response of Laborers Fund and Fashbinder Group at 1; Doc. #12.)  The Fashbinder Group, which combined three individual investors in moving for appointment as lead plaintiff, had a combined loss of approximately $340,000.  [See Doc. #6.]  However, in its Joint Response, that group of investors agreed that the Laborers Fund is the movant with the largest financial interest in the litigation.

The only remaining movant for appointment as lead plaintiff is the grouping of investors Michael Elcott, Hui-Wen Shiau and Zulema Soto.  [See Doc. #5.]  These three investors suffered combined losses of approximately $64,000 on 19,000 shares.  However, they have made no showing as to why they should be treated as a group for appointment as lead plaintiff.  See, e.g., Ruland v. Infosonics Corp., No. 06cv1231 BTM (WMc), 2006 U.S. Dist. LEXIS 79144, at *7-11 (S.D. Cal. Oct. 23, 2006) (refusing to treat as a group individual class members with no real preexisting relationship).  Moreover, even if the Court decided to treat these investors as a group, it would not affect the Court's determination because their combined holdings and losses are significantly less than those of the Laborers Fund.

Finally, none of the three plaintiffs who filed complaints in these consolidated actions appear to have holdings or suffered losses even approaching those of the Laborers Fund. Thus, by any relevant measure of financial interest, the Laborers Fund is presumptively the most adequate plaintiff.

No party has presented, and the Court has not found, any reason why the Laborers Fund's claims are not typical of the class or why its representation of the class would not be adequate.  Accordingly, the Court appoints the Laborers Fund as lead plaintiff.

## II.     Approval of Lead Counsel

Under the PSLRA, once the court has designated a lead plaintiff, that plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The PSLRA "evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel

retention." In re Cendant Corp. Litig., 264 F.3d 201, 276 (3d Cir. 2001).

The Court's inquiry should be "limited to whether the lead plaintiff's selection and agreement with counsel are reasonable on their own terms." Cendant, 264 F.3d at 276. Ultimately, the inquiry concerns "whether the lead plaintiff's choices were the result of a good faith selection and negotiation process and were arrived at via meaningful arms-length bargaining." Id.

The Laborers Fund asks the Court to approve its selection of Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") and Johnson & Perkinson to serve as co-lead counsel. Based upon a review of their firm resumes, submitted in connection with the motions of the Laborers Fund and the Fashbinder Group, it appears that these firms have the expertise to fulfill the role of co-lead counsel.

In its May 18, 2007 motion for appointment as lead plaintiff, the Laborers Fund originally requested that the Court approve Lerach Coughlin as its sole lead counsel. However, in its June 22, 2007 Joint Response, it amended this request to include Johnson & Perkinson as co-lead counsel. The Laborers Fund explained that it "ha[d] determined that, in this case, it is in the best interest of the class to appoint co-lead counsel, eliminating any question or concern over any appearance of conflict in Lerach Coughlin's representation of the class in this case and also of the class in *In re Wireless Facilities, Inc. Sec. Litig.*, No. 04-1589 ("*Wireless Facilities I*")." (See Joint Response at 2.) The Court has no reason to believe that the proposed retention of both firms was anything other than the result of a good faith selection and negotiation process, and the Court acknowledges the Laborer Fund's concerns regarding any appearance of conflict. Accordingly, the Court approves Lerach Coughlin and Johnson & Perkinson as co-lead counsel.

//
//
//
//
//

### III.    Conclusion

For the reasons discussed above, the Court **GRANTS** the Washington-Idaho Laborers-Employers Pension Trust Fund's motion for appointment of lead plaintiff and for approval of lead counsel. [Doc. #7.]  The Court approves Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Johnson & Perkinson as co-lead counsel.  The Court **DENIES** the remaining motions for appointment of lead plaintiff and for approval of lead counsel.

**IT IS SO ORDERED.**

DATED:  August 8, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge