```
FILED

SEP - 3 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____  DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION II, | Civil No. 07cv482 NLS |
| Plaintiff, | **ORDER GRANTING JOINT MOTION, PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY, *CONDITIONALLY* APPROVING FORM AND MANNER OF NOTICE AND SETTING DATE FOR FINAL FAIRNESS APPROVAL HEARING** |
| v. | |
| This Document Relates to: | |
| ALL ACTIONS. | |

[Doc. No. 39]

Lead Plaintiff Washington-Idaho Laborers-Employers Pension Trust Fund (Laborers Fund) and Defendants Wireless Facilities, Inc., Masood K. Tayebi, Massih Tayebi, Terry Ashwill, Daniel G. Stokely, Eric M. DeMarco Scott I. Anderson, Bandel L. Carano, William A. Hoglund, Scot Jarvis, Laura L. Siegal, Deanna H. Lund and Thomas Munro filed a joint motion requesting (1) preliminary approval of the proposed settlement, (2) certification of the Settlement Class for settlement purposes only; (3) approval of the form and manner of giving notice of the proposed settlement to the Settlement Class; and (4) a date for the final fairness approval hearing (Joint Motion). This Court has reviewed all papers filed in support of the Joint Motion, and **GRANTS** the Joint Motion and **LIFTS** the stay on proceedings.

## RELEVANT FACTS[1]

**Procedural History.**

Plaintiffs filed a securities class action against Defendants alleging violations of §§10(b) and

---

[1]These facts are based on the statement of facts in the Joint Motion and the docket sheet.

1   20(a) of the Securities Exchange Act of 1934.  They allege Defendants improperly backdated stock

2   option grants to officers of the Company, improperly accounted for goodwill and issued false and

3   misleading statements that artificially inflated Wireless' stock price from March 19, 2002 to March 12,

4   2007, the Settlement Class Period.  A total of three putative securities class action lawsuits were filed in

5   this Court on behalf of the purchasers of publicly traded securities of Wireless in violation of the

6   Securities Exchange Act of 1934.  On May 21, 2007 the Court ordered the lawsuits consolidated for all

7   purposes under case no. 07cv482 BTM (NLS), and allowed a consolidated complaint to be filed.  On

8   August 8, 2007, the Court appointed the Laborers Fund as Lead Plaintiff and Coughlin Stoia Geller

9   Rudman & Robbins LLP (Coughlin Stoia) and Johnson & Perkinson as co-lead counsel.

10          On November 19, 2007, Lead Plaintiff filed an Amended Complaint. [Doc. No. 29.]   The Court

11   granted several joint requests for extensions of time for Defendants to respond to the Amended

12   Complaint.  Defendants have not answered, moved to dismiss or otherwise responded to the Amended

13   Complaint.

14          The Amended Complaint alleges that before and throughout the Settlement Class Period,

15   Defendants engaged in a stock option backdating scheme where they granted themselves and their

16   colleagues millions of under-priced options to purchase Wireless stock.  ¶ 2.[2]  Lead Plaintiff asserts that

17   besides being illegal, this alleged backdating violates numerous laws, the Company's internal policy for

18   pricing stock options at the fair market value of the Company's stock price on the day of the grant and

19   Generally Accepted Accounting Principles (GAAP) governing the recognition of compensation

20   expenses.

21          According to Lead Plaintiff, Wireless admitted that from March 1998 through December 2003,

22   executives at Wireless granted undisclosed stock options at extremely low prices to themselves and

23   others, by backdating the stock option grants to dates where the Company's stock price was traded at a

24   lower value than the date upon which the option was actually granted.  ¶ 6.  In the September 11, 2007

25   Restatement, Wireless admitted that a substantial number of its 1998-2003 stock options grants were

26   backdated and that certain of its former executive officers and employees intentionally engaged in the

27   backdating scheme.  ¶ 7.

28   _____

[2]All paragraph references are to the Amended Complaint.

1      Lead Plaintiff alleges that by granting backdated options, Defendants materially understated its

2    expenses and falsely overstated its income by $48.6 million. ¶ 8.  In total, Plaintiff alleges that the

3    backdating scheme caused Wireless to overstate its net income from 1995-2005 by more than 51%. ¶ 8.

4    Lead Plaintiff also alleges the lack of proper accounting procedures required by GAAP allowed

5    Defendants to inflate the Company's assets, income, financial performance and stock price during the

6    Settlement Class Period.

7    **Discovery and Settlement Negotiations.**

8      In investigating the prosecution of this case, Plaintiffs' Lead Counsel (1) reviewed Wireless'

9    SEC filings, annual reports and other public statements; (2) consulted with experts; (3) interviewed and

10   communicated with confidential witnesses; and (4) researched the law applicable to the asserted claims

11   and defenses in this case.  On January 10, 2008, the parties participated in a mediation with the

12   Honorable Daniel L. Weinstein (Ret.).  The parties exchanged mediation briefs and presented their

13   respective views regarding the merits of the action, including the claims, defenses and damages sought.

14   The parties did not reach a settlement during the mediation.  One week later, however, Judge Weinstein

15   issued a mediator's proposal to settle the case for $4.5 million in cash.  On March 17, 2008, both sides

16   agreed to the material terms of the Settlement, including class certification for settlement purposes,

17   payment of $4.5 million in cash in exchange for a mutually agreeable release, and funds deposited into

18   an escrow account by July 15, 2008.  On May 6, 2008, the parties executed a Memorandum of

19   Understanding that set forth the terms of the settlement agreement.

20     Plaintiffs' Lead Counsel concluded that the substantial expense and time necessary to prosecute

21   the action through trial, appeals and other potential proceedings, the significant uncertainties in

22   predicting the outcome of the litigation, and the substantial likelihood the Settlement Class would not

23   recover more than the recovery in the settlement, lead them to conclude that the settlement was fair,

24   reasonable and adequate, and in the best interests of Lead Plaintiff and the Settlement Class.

25                                    DISCUSSION

26   **Rule 23 and Class Action Settlement.**

27     Parties may settle a class action before class certification and stipulate that a defined class be

28   conditionally certified for settlement purposes.  *See, e.g., Molski v. Gleich*, 318 F.3d 937 (9th Cir. 2003).

1   A conditionally-certified class must still satisfy Rule 23(a) and (b) requirements. *See id.*

2        Deciding whether to approve a proposed class action settlement is generally a two-step process.

3   At the preliminary approval stage, the court "should make a preliminary determination that the proposed

4   class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Fed.

5   Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th ed. 2004). The court then approves the form

6   and manner of notice and sets a final fairness hearing, where it will make a final determination on the

7   fairness of the class settlement. *See id.*

8        A court may approve a settlement that would bind class members only after a final fairness

9   hearing and finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. Proc. 23(e)(2); *see*

10  *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). When approving a settlement, a court

11  must ensure that notice is made in a "reasonable manner to all class members who would be bound by

12  the proposal." Fed. R. Civ. Proc. 23(e)(1).

13       To make the ultimate determination of whether a settlement is fair, reasonable and adequate

14  requires evaluating several factors, including:

15               strength of plaintiff's case; the risk, expense[,] complexity, and likely
                 duration of further litigation; the risk of maintaining class action status
16               throughout the trial; the amount offered in settlement; the extent of
                 discovery completed, and the stage of the proceedings; the experience and
17               views of counsel; the presence of a governmental participant; and the
                 reaction of the class members to the proposed settlement.
18

19  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993). Settlements that follow sufficient

20  discovery and genuine arms-length negotiation are presumed fair. *Nat'l Rural Telcoms. Coop. v.*

21  *Directv, Inc.*, 2003 U.S. Dist. LEXIS 25375, *13 (C.D. Cal. 2004).

22  **Settlement Class Certification.**

23       A court must look at these factors when considering class certification and preliminary approval:

24               (1) the class is so numerous that joinder of all members is impracticable;
                 (2) there are questions of law or fact common to the class;
25               (3) the claims or defenses of the representative parties are typical of the
                 claims or defenses of the class; and
26               (4) the representative parties will fairly and adequately protect the interests
                 of the class.
27

28  Fed. R. Civ. Proc. 23(a).

4

1   In addition, the plaintiffs must establish one of the following: (1) there is a risk of inconsistent or

2   unfair adjudication if parties proceed with separate actions; (2) the defendant acted or refused to act on

3   grounds generally applicable to the class, making injunctive or declaratory relief appropriate to the class

4   as a whole; or (3) common questions of law or fact predominate and class resolution is superior to other

5   available methods for fair and efficient adjudication of the controversy.  Fed. R. Civ. Proc. 23(b).

6   For the purpose of conditionally certifying the class for settlement purposes, the Court evaluates

7   the relevant factors under Rule 23.

8   **1.     Numerosity.**

9   The parties define the Settlement Class in the Stipulation as follows:

10  Lead Plaintiffs and all Persons who purchased or otherwise acquired
    Wireless Securities during the period from and including March 19, 2002
11  to March 12, 2007 and who were damaged thereby.  Excluded from the
    Settlement Class are Defendants, any entity in which the Defendants have
12  a controlling interest or that is a parent or subsidiary of or is controlled by
    the Defendants, Defendants' officers and directors, including any person
13  who was an officer or director during the Settlement Class Period,
    affiliates, legal representatives, heirs, predecessors, successors and/or
14  assigns, and immediate family.  Also excluded from the Settlement Class
    are those Persons who timely and validly request exclusion from the
15  Settlement Class.

16  Stipulation of Settlement, 1.29.  The parties assert that millions of shares of Wireless common stock

17  were traded on the NASDAQ National Exchange during the Settlement Class Period.  They estimate the

18  number of potential class members to be in the thousands, spread geographically throughout the U.S.

19  With the large potential number of claimants and their varied locations, the Court finds that

20  joinder of all these members would be impracticable, and that the numerosity requirement is satisfied.

21  **2.     Commonality.**

22  The predominant questions here concern:

23      (i)      whether the federal securities laws were violated by Defendants'
                 alleged acts;
24      (ii)     whether the Company's publicly disseminated releases and
                 statements during the Settlement Class Period omitted and/or
25               misrepresented material facts;
        (iii)    whether the market prices of Wireless common stock during the
26               Settlement Class Period were artificially inflated due to the
                 material nondisclosures and/or misrepresentations complained of
27               herein; and
        (iv)     whether the members of the Settlement Class have sustained
28               damages and, if so, what is the appropriate measure of damages.

5

1  Joint Motion, p.10.  The Court finds the core issue here regards the acquisition of Wireless common

2  stock at artificially inflated prices.  The predominant questions listed above all relate to the core issue.

3  These questions appear to be common to the proposed Settlement Class, which includes those damaged

4  by the purchase or acquisition of Wireless common stock during the Class Period.  Because these

5  questions are common to the whole class, the Court finds that the commonality requirement is satisfied.

6       **3.**     **Typicality.**

7       Lead Plaintiff claims he purchased and/or acquired Wireless common stock at artificially inflated

8  prices due to Defendants' conduct.  As defined in the Stipulation, the parties define the proposed

9  Settlement Class to include those who purchased and/or acquired Wireless common stock at artificially

10  inflated prices due to Defendants' conduct.  The proof Lead Plaintiff would need to establish its claims

11  would also prove the claims of the proposed Settlement Class.  Lead Plaintiff's injury would be common

12  to the injury suffered by the class.  There is no indication that Lead Plaintiff has any unique defenses that

13  could make it an atypical member of the proposed Settlement Class.  Because the claims of Lead

14  Plaintiff are typical of the claims of the proposed Settlement Class, the Court finds the typicality

15  requirement satisfied.

16       **4.**     **Adequacy.**

17       To determine whether Lead Plaintiff will fairly and adequately protect the interests of the

18  proposed Settlement Class, courts must consider: "(1) Do the representative plaintiffs and their counsel

19  have any conflicts of interest with other class members, and (2) will the representative plaintiffs and

20  their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d

21  938, 958 (9th Cir. 2003).  Here, it does not appear that Lead Plaintiff and its counsel have any conflicts

22  of interest with other class members because the claims of Lead Plaintiff are typical of the proposed

23  Settlement Class.  Plaintiff's counsel has incentive to litigate for the best possible recovery for the entire

24  proposed Settlement Class.  The Court finds, therefore, that Lead Plaintiff adequately and fairly

25  represent the interests of the proposed class and will vigorously prosecute the action on its behalf.

26       **5.**     **Rule 23(b).**

27       Lead Plaintiff must establish one of the subparts listed in Rule 23(b).  Here, common questions

28  of law or fact predominate this action.  The same set of operative facts and a single proximate cause

07cv482 NLS

1   applies to each proposed class member, because each class member purchased and/or acquired Wireless

2   common stock during the Settlement Class Period at alleged artificially-inflated prices.  They allege

3   Defendants' false and misleading statements and/or omissions inflated the prices, and that class

4   members were harmed as a result of Defendants' conduct.  If Lead Plaintiff and class members each

5   brought individual actions, they would each be required to prove the same wrongdoing to establish

6   Defendants' liability.  Further, should different courts determine these questions in separate suits, they

7   would likely interpret the facts and law differently, resulting in inconsistent and/or unfair rulings.  This

8   Court finds that class resolution of this action is superior to other available methods of adjudication of

9   the controversy because the claims of many individuals will be efficiently resolved at one time,

10  eliminating the possibility of repetitious litigation that would waste the parties' and the Court's

11  resources.

12          The Court **GRANTS** a conditional certification of the class for the purpose of settlement.

13  **Preliminary Approval of Settlement.**

14          As explained above, the parties have shown that the proposed class satisfies the criteria of Rule

15  23(a) and at least one of subsection of Rule 23(b).  Further, they arrived at this proposed settlement after

16  litigating this action since March 2007.  Plaintiffs' Lead Counsel investigated the claims in the Amended

17  Complaint by way of interviews with multiple former Wireless employees and consulted with liability

18  and damages experts.  Armed with this information, the parties engaged in settlement negotiations

19  spanning several months.  They participated in a formal mediation with retired Judge Daniel L.

20  Weinstein.

21          Without making any determination of liability, it appears to the Court that plaintiffs have a viable

22  claim regarding the alleged securities fraud and Defendants have a viable defense against such claims.

23  Liability remains uncertain.  In light of this uncertainty, and based on the parties' perceived strengths and

24  weaknesses of the case, the parties have agreed to a settlement amount of $4,500,000 for the estimated

25  potential Settlement Class.

26          The Court finds that the proposed settlement did not result from collusion by the parties' counsel,

27  but from a thorough investigation and consideration of strengths and weaknesses in the case.  Both

28  parties' counsel are experienced in class actions, engaged in arms-length negotiations, weighed the

1  strengths and weaknesses of the case and examined the risks associated with litigation. Both parties'

2  counsel consider the settlement fair and reasonable in light of the case's complexities, the state of the

3  law, uncertainties inherent in litigation and the positive result for the potential class members. At this

4  preliminary approval stage, the Court finds that the proposed settlement is fair, adequate and reasonable.

5    The Court **GRANTS** preliminary approval of the proposed settlement.

6  **Proposed Form and Manner of Notice.**

7    Notice must be provided to a class in the best way practicable under the circumstances. Fed. R.

8  Civ. Proc. 23(c)(2)(B). The notice must clearly and concisely identify:

9      (i) the nature of the action;
    (ii) the definition of the class certified;

10      (iii) the class claims, issues, or defenses;
    (iv) that a class member may enter an appearance through an attorney if

11      the member so desires;
    (v) that the court will exclude from the class any member who requests

12      exclusion;
    (vi) the time and manner for requesting exclusion; and

13      (vii) the binding effect of a class judgment on members under Rule

14      23(c)(3).

15  Fed. R. Civ. Proc. 23(c)(2)(B). The notice must also include an explanation of class counsel's interest in

16  the settlement. *Staton v. Boeing Co.,* 327 F.3d 938, 963 (9th Cir. 2003).

17    Under the Private Securities Litigation Reform Act (PSLRA), every settlement notice must

18  include a statement explaining a plaintiff's recovery:

19      'The amount of the settlement proposed to be distributed to the parties to
    the action, determined in the aggregate and on an average per share basis.'

20      15 U.S.C. § 78u-4(a)(7)(A). The notice must also include a statement of
    'the average amount of damages per share that would be recoverable if the

21      plaintiff prevailed on each claim alleged.' 15 U.S.C. § 78u-4(a)(7)(B).

22  *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 969 (9th Cir. 2007).

23    Here, the proposed form of notice attached as Exhibit A1 to the to the Stipulation of Settlement

24  summarizes the parties' claims and contentions and explains the proposed settlement and plan of

25  allocation, including the recovery amount to each class member if 100% of the Settlement Class submits

26  a claim. It explains the amount of the Settlement–$4,500,000–to be distributed to the Settlement Class,

27  less Court-approved fees and expenses; the average distribution per share; attorneys fees (sought at 25%

28  of the Settlement Fund) and expenses (capped at $150,000) sought; the name, telephone number and

07cv482 NLS

1   address of representatives of Plaintiff's Lead Counsel who will be reasonably available to answer

2   questions from Settlement Class Members regarding the notice; the Settlement Class Members' right to

3   object to the Settlement or seek exclusion from the Settlement Class; and the reasons why the parties

4   propose the Settlement.  Plaintiff's Lead Counsel will also use reasonable efforts to give notice to

5   nominee holders such as brokerage firms and other persons or entities who purchased and/or acuired

6   Wireless Securities during the Settlement Class Period as record owners but not as beneficial owners.

7   This notice is to be mailed to potential class members and a summary notice is to be published in the

8   national edition of Investor's Business Daily.

9          The Court notes that one element is missing from the proposed notice, a statement of "the

10  average amount of damages per share that would be recoverable if the plaintiff prevailed on each claim

11  alleged," as required by the PSLRA in 15 U.S.C. § 78u-4(a)(7)(B).  *See Veritas*, 496 F.3d 962.  The

12  Court **ORDERS** the parties to include a statement in the notice regarding the average amount of

13  damages per share that would be recoverable if the plaintiff prevailed on each alleged claim, so that the

14  potential claimants can compare the damages per share if the class prevailed at trial to the proposed

15  settlement recovery.  *See id.* at 969.  Including such information complies with the notice requirements

16  of the PSLRA and provides potential class members with the information necessary to make an informed

17  decision regarding the proposed settlement.[3]  The Court, therefore, **CONDITIONALLY APPROVES**

18  the proposed notice, subject to this requirement.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

27          [3]In the final approval papers, the Court also expects to see how counsel calculated the plan of
    allocation and illustrate the calculation using the number of damaged shares and final settlement amount
28  so that the Court will be able to determine whether the plan of allocation is fair, reasonable and
    adequate.  Counsel should also include supporting information from their damages consultant(s).

1                                 <u>ORDER</u>

2         WHEREAS, a consolidated action is pending before this Court styled In re Wireless Facilities,

3 Inc. Securities Litigation II, Master File No. 07-CV-00482-BTM(NLS) (the "Action");

4         WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure

5 23(e), for an order approving the Settlement of this Action, in accordance with a Stipulation of

6 Settlement dated as of May 6, 2008 (the "Stipulation"), which, together with the exhibits annexed thereto

7 set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the

8 Action with prejudice upon the terms and conditions set forth therein; and the Court having read and

9 considered the Stipulation and the exhibits annexed thereto; and

10         WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

11         **NOW, THEREFORE, IT IS HEREBY ORDERED**:

12         1.      The Court does hereby preliminarily approve the Stipulation and the Settlement set forth

13 therein, subject to further consideration at the Final Approval Hearing described below.

14         2.      A hearing (the "Final Approval Hearing") shall be held before this Court on

15 ***December 3, 2008, at 2:30p.m.***, in Courtroom F of the United States District Court for the Southern

16 District of California, Edward J. Schwartz U.S. Courthouse, 940 Front Street, San Diego, CA 92101 to

17 determine whether the proposed Settlement of the Action on the terms and conditions provided for in the

18 Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the

19 Court; whether a Judgment as provided in 1.16 of the Stipulation should be entered; whether the

20 proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that

21 should be awarded to Plaintiff's Lead Counsel.

22         3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies solely for

23 purposes of effectuating this Settlement a Settlement Class defined as Lead Plaintiff, all Persons who

24 purchased or otherwise acquired Wireless Securities during the period from and including March 19,

25 2002 to March 12, 2007 and who were damaged thereby.  Excluded from the Settlement Class are

26 Defendants, any entity in which the Defendants have a controlling interest or that is a parent or

27 subsidiary of or is controlled by the Defendants, Defendants' officers and directors, including any person

28 who was an officer or director during the Settlement Class Period, Defendants' affiliates, legal

1 representatives, heirs, predecessors, successors and/or assigns, and immediate family. Also excluded
2 from the Settlement Class are those Persons who timely and validly request exclusion from the
3 Settlement Class.

4      4.     The Court finds, solely for the purposes of the Settlement, that the prerequisites for a
5 class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in
6 that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class
7 Members in the class action is impracticable; (b) there are questions of law and fact common to the
8 Settlement Class that predominate over any individual question; (c) the claims of the Lead Plaintiff are
9 typical of the claims of the Settlement Class; (d) Lead Plaintiff and its counsel have fairly and adequately
10 represented and protected the interests of Settlement Class Members; and (e) a class action is superior to
11 other available methods for the fair and efficient adjudication of the controversy.

12      5.     Certification of the Settlement Class for purposes of the Settlement shall not constitute
13 certification of the Settlement Class for any other purposes.

14      6.     Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the
15 firm of Gilardi & Co. LLC, 3301 Kerner Boulevard, San Rafael, CA 94901 ("Claims Administrator") to
16 supervise and administer the notice procedure as well as the processing of claims as more fully set forth
17 below:

18           (a)     Not later than ***September 22, 2008*** (the "Notice Date"), the Claims Administrator
19 shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed
20 as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who
21 can be identified with reasonable effort and to be posted on its website at www.gilardi.com;

22           (b)     Not later than ***October 2, 2008***, the Claims Administrator shall cause the
23 Summary Notice substantially in the form annexed as Exhibit A-3 hereto, to be published once in the
24 national edition of Investor's Business Daily; and

25           (c)     Not later than ***October 7, 2008***, Plaintiffs' Lead Counsel shall serve on
26 Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and
27 publishing.

28      7.     Nominees who purchased Wireless Securities for the benefit of another Person during the

07cv482 NLS

1  period March 19, 2002 to March 12, 2007, inclusive, shall be requested to send the Notice and the Proof

2  of Claim and Release to all such beneficial owners of Wireless Securities **within ten (10) days after**

3  **receipt thereof, or** send a list of the names and addresses of such beneficial owners to the Claims

4  Administrator **within ten (10) days of receipt thereof,** in which event the Claims Administrator shall

5  promptly mail the Notice and Proof of Claim and Release to such beneficial owners.

6        8.      All fees, costs, and expenses incurred in identifying and notifying Members of the

7  Settlement Class shall be paid from the Settlement Fund and in no event shall Defendants bear any

8  responsibility for such fees, costs, or expenses.

9        9.      All Members of the Settlement Class shall be bound by all determinations and judgments

10  in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

11        10.      Settlement Class Members who wish to participate in the Settlement shall complete and

12  submit the Proof of Claim and Release in accordance with the instructions contained therein.  Unless the

13  Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than **ninety**

14  **(90) days from the Notice Date.**  Any Settlement Class Member who does not timely submit a Proof of

15  Claim and Release within the time provided shall be barred from sharing in the distribution of the

16  proceeds of the Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound

17  by any Final Judgment entered by the Court.  Notwithstanding the foregoing, Plaintiffs' Lead Counsel

18  shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so

19  long as distribution of the Settlement Fund is not materially delayed thereby.

20        11.      Any Member of the Settlement Class may enter an appearance in the Action, at his, her,

21  or its own expense, individually or through counsel of their own choice.  If they do not enter an

22  appearance, they will be represented by Plaintiff's Lead Counsel.

23        12.      Any Person falling within the definition of the Settlement Class may, upon request, be

24  excluded or "opt out" from the Settlement Class.  Any such Person must submit to the Claims

25  Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than

26  ***November 7, 2008.***  A Request for Exclusion must be signed and state: (a) the name, address, and

27  telephone number of the Person requesting exclusion; (b) the Person's purchases and sales of Wireless

28  Securities during the Settlement Class Period, including the dates, the number of shares of Wireless

07cv482 NLS

1   stock purchased, and price paid or received for each such purchase or sale; and (c) that the Person wishes

2   to be excluded from the Settlement Class.  All Persons which submit valid and timely Requests for

3   Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not

4   share in the distribution of the Settlement Fund, and shall not be bound by the Stipulation or the Final

5   Judgment.

6        13.    Plaintiff's Lead Counsel shall cause to be provided to Defendants' Counsel copies of all

7   Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as

8   possible and in any event within no more than **five (5) days after the postmark deadline** for submitting

9   Requests for Exclusion.

10       14.    Any Member of the Settlement Class may appear and show cause, if he, she, or it has any

11  reason why the proposed Settlement of the Action should not be approved as fair, reasonable and

12  adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be

13  approved, why attorney fees and expenses should not be awarded to counsel for the Lead Plaintiff;

14  provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to

15  contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the

16  Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or

17  any attorney fees and expenses to be awarded to counsel for Lead Plaintiff, unless written objections and

18  copies of any papers and briefs are received by Keith F. Park, Coughlin Stoia Geller Rudman & Robbins

19  LLP, 655 West Broadway, Suite 1900, San Diego, California 92101 and Tyson E. Marshall, Morrison &

20  Foerster, LLP, 12531 High Bluff Drive, Suite 100, San Diego, CA 92130, on or before

21  ***November 7, 2008***; and said objections, papers and briefs are filed with the Clerk of the United States

22  District Court for the Southern District of California, on or before ***November 7, 2008***.  Any Member of

23  the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed

24  to have waived such objection and shall forever be foreclosed from making any objection to the fairness,

25  reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of

26  Allocation, and to the award of attorney fees and expenses to Plaintiff's Lead Counsel, unless otherwise

27  ordered by the Court.

28       15.    In the event that a Settlement Class Member timely and properly files and serves a written

1  objection, Plaintiff's Lead Counsel and/or Defendants' Counsel may file and serve materials responding

2  to any such objection on or before ***November 17, 2008***.

3         16.    All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia*

4  *legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be

5  distributed pursuant to the Stipulation and/or further order(s) of the Court.

6         17.    All initial papers in support of the Settlement, the Plan of Allocation, and the application

7  by Plaintiffs' Lead Counsel for attorney fees or expenses shall be filed and served no later than

8  ***October 7, 2008***.

9         18.    Neither Defendants nor their Related Parties shall have any responsibility for the Plan of

10  Allocation or any application for attorney fees or expenses submitted by Plaintiff's Lead Counsel, and

11  such matters will be considered separately from the fairness, reasonableness, and adequacy of the

12  Settlement.

13         19.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of

14  Allocation proposed by Plaintiff's Lead Counsel, and any application for attorney fees or expenses

15  should be approved.

16         20.    All reasonable expenses incurred in identifying and notifying Settlement Class Members

17  as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the

18  Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff

19  nor any of its counsel shall have any obligation to repay any amounts actually and properly incurred or

20  disbursed pursuant to 2.8 or 2.9 of the Stipulation.

21         21.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or

22  proceedings connected with it, shall be construed as an admission or concession by Defendants of the

23  truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

07cv482 NLS

22.   · The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED.**

Dated: *9-3-08*

NITA L. STORMES
United States Magistrate Judge

15

1

2

3

### INDEX OF EXHIBITS

4

| **Exhibit** | **Exhibit No.** |
| --- | --- |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice | A-3 |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv482 NLS

A-1

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  KEITH F. PARK (54275)
   HELEN J. HODGES (131674)
3  MICHAEL J. DOWD (135628)
   AMBER L. ECK (177882)
4  TRICIA L. McCORMICK (199239)
   COURTLAND W. CREEKMORE (182018)
5  655 West Broadway, Suite 1900
   San Diego, CA 92101
6  Telephone: 619/231-1058
   619/231-7423 (fax)
7  keithp@csgrr.com
   helenh@csgrr.com
8  miked@csgrr.com
   ambere@csgrr.com
9  triciam@csgrr.com
   ccreekmore@csgrr.com
10
   JOHNSON & PERKINSON
11 DENNIS J. JOHNSON
   JACOB B. PERKINSON
12 EBEN F. DUVAL
   1690 Williston Road
13 South Burlington, VT 05403
   Telephone: 802/862-0030
14 802/862-0060 (fax)
   jplaw@adelphia.net
15
   Co-Lead Counsel for Plaintiffs
16
                    UNITED STATES DISTRICT COURT
17
                  SOUTHERN DISTRICT OF CALIFORNIA
18

19 | In re WIRELESS FACILITIES, INC. ) | Master File No. 07-CV-00482-BTM(NLS) |
   | SECURITIES LITIGATION II        ) |                                      |
20 |                                 ) | CLASS ACTION                         |
   | ─────────────────────────────── ) |                                      |
21 | This Document Relates To:       ) | NOTICE OF PENDENCY AND PROPOSED      |
   |                                 ) | SETTLEMENT OF CLASS ACTION           |
22 |      ALL ACTIONS.               ) |                                      |
   |                                 ) | EXHIBIT A-1                          |
23 | ─────────────────────────────── ) |                                      |

24

25

26

27

28

*If you purchased or acquired Wireless Facilities, Inc. (now known as Kratos Defense & Security Solutions, Inc.) ("Wireless") securities during the period from March 19, 2002 to and including March 12, 2007 (the "Settlement Class Period") and are not otherwise excluded from the Settlement Class, you could get a payment from a class action settlement.*

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**Security and Time Period**: Wireless Securities purchased or acquired between March 19, 2002 and March 12, 2007, inclusive.

**Settlement Fund:** $4,500,000 in cash. Your recovery will depend on the type and amount of Wireless Securities purchased or acquired and the timing of your purchases, acquisitions and any sales. Based on the information currently available to Lead Plaintiff and the analysis performed by its damage consultants, it is estimated that if Settlement Class Members submit claims for 100% of the shares eligible for distribution under the Plan of Allocation (described below), the estimated average distribution per share will be approximately $0.09 before deduction of Court-approved fees and expenses. Historically, actual claims rates are less than 100%, which result in higher distributions per share. A Settlement Class Member's actual recovery will be a proportion of the net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims of all Settlement Class Members who submit acceptable Proof of Claim forms.

**Reasons for Settlement:** Avoids the costs and risks associated with continued litigation, including danger of no recovery.

**If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or loss at trial. The two sides vigorously disagree on both liability and the amount of money that could have been won if Lead Plaintiff prevailed at trial. The parties disagree about: (1) the method for determining whether Wireless Securities were artificially inflated during the relevant period; (2) the amount of any such inflation; (3) that there was any wrongdoing on the part of Defendants, including whether Defendants acted recklessly or intentionally in reporting Wireless's financial results during the relevant period; (4) the extent that various facts alleged by Lead Plaintiff influenced the trading price of Wireless Securities during the relevant period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

07-CV-00482-BTM(NLS)

1    **Attorney Fees and Expenses:** Court-appointed Plaintiff's Lead Counsel will ask the Court

2    for attorney fees of 25% of the Settlement Fund and expenses not to exceed $150,000 to be paid

3    from the Settlement Fund.  If the above amounts are requested and approved by the Court, the

4    average cost per share will be $0.02.  Plaintiff's Lead Counsel have not received any payment for

5    their work investigating the facts, conducting this Action and negotiating this settlement on behalf of

6    the Lead Plaintiff and the Settlement Class.

7    **Deadlines:**

8        Submit Claim:     _____, 2008

9        Request Exclusion:     _____, 2008

10       File Objection:     _____, 2008

11   **Court Hearing on Fairness of Settlement:** _____, 2008

12   **More Information:**  www.gilardi.com or

13   Claims Administrator:             Representative of Plaintiff's Lead
                                                  Counsel:

14   *Wireless Facilities Securities*
15   *Litigation II*                        Rick Nelson
Claims Administrator         Shareholder Relations
16   c/o Gilardi & Co. LLC        Coughlin Stoia Geller
P.O. Box 8040               Rudman & Robbins LLP
17   San Rafael, CA 94912-8040   655 West Broadway, Suite 1900
                                      San Diego, CA  92101

18   •   Your legal rights are affected whether you act, or don't act.  Read this Notice carefully.

19   **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

20   **SUBMIT A CLAIM FORM**     The only way to get a payment.

21   **EXCLUDE YOURSELF**     Get no payment.  This is the only option that allows you to

22       participate in another lawsuit against the Defendants and the

23       other Released Parties relating to the legal claims in this case.

24   **OBJECT**     You may write to the Court if you don't like this settlement.

25   **GO TO A HEARING**     You may ask to speak in Court about the fairness of the

26       settlement.

27   **DO NOTHING**     Get no payment.  Give up rights.

28

- These rights and options — *and the deadlines to exercise them* — are explained in this Notice.

- The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and, if there are any appeals, after appeals are resolved. Please be patient.

## BASIC INFORMATION

### 1.    Why did I get this notice package?

You or someone in your family may have purchased or acquired Wireless Securities between March 19, 2002 and March 12, 2007, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of California, and the case is known as *In re Wireless Facilities, Inc. Securities Litigation II*, Master File No. 07-CV-00482-BTM(NLS). The pension fund that sued is called Lead Plaintiff and the company and the individuals it sued are called Defendants.

### 2.    What is this lawsuit about?

This Action alleges that Wireless and certain individual defendants violated the federal securities laws by backdating employee stock options so that the options were granted at less than fair market value causing Wireless Securities (*i.e.*, all of the publicly traded securities of Wireless) to trade at artificially inflated levels during the Settlement Class Period.

Defendants deny all of Lead Plaintiff's allegations and that they did anything wrong. Defendants also deny that Lead Plaintiff or the Settlement Class suffered damages or that the prices

1    of Wireless Securities were artificially inflated by reasons of alleged misrepresentations, non-

2    disclosures or otherwise.

3         **3.**      **Why is this a Class Action?**

4         In a class action, one or more people called class representatives (in this case, the Court-

5    appointed Lead Plaintiff, Washington-Idaho Laborers-Employers Pension Trust Fund) sue on behalf

6    of people who have similar claims.  All of these people and/or entities are called a class or class

7    members.  One court resolves the issues for all class members, except for those who exclude

8    themselves from the class.  United States Magistrate Judge Nita L. Stormes is in charge of this case.

9         **4.**      **Why is there a settlement?**

10        The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, the lawyers for

11    both sides of the lawsuit have negotiated a settlement, with the assistance of a highly respected

12    mediator Honorable Daniel L. Weinstein (Ret.), that they believe is in the best interests of their

13    respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and

14    uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members

15    to be compensated without further delay.  The Lead Plaintiff and its attorneys think the settlement is

16    best for all Settlement Class Members.

17                             **WHO IS IN THE SETTLEMENT**

18        To see if you will get money from this settlement, you first have to determine if you are a

19    Settlement Class Member.

20         **5.**      **How do I know if I am part of the settlement?**

21        The Settlement Class includes ***all persons who purchased or acquired Wireless Securities***

22    ***between March 19, 2002 to and including March 12, 2007***, and were damaged thereby.

23         **6.**     **Are there exceptions to being included in the Settlement Class?**

24        Yes.  Excluded from the Settlement Class are Defendants, any entity in which the Defendants

25    have a controlling interest or that is a parent or subsidiary of or is controlled by the Defendants,

26    Defendants' officers and directors, including any person who was an officer or director during the

27    Settlement Class Period, Defendants' affiliates, legal representatives, heirs, predecessors, successors

28

1    and/or assigns, and immediate family.  Also excluded from each Settlement Class are those Persons

2    who timely and validly request exclusion from the Settlement Class.

3        **7.      I'm still not sure if I am included.**

4        If you still are not sure whether you are included, you can ask for free help.  You can call 1-

5    800-945-9431 or visit www.gilardi.com for more information; or, you can call Rick Nelson at 1-800-

6    449-4900 for more information; or you can fill out and return the claim form described in Question

7    10 to see if you qualify.

8                    **THE SETTLEMENT BENEFITS – WHAT YOU GET**

9        **8.      What does the settlement provide?**

10       Defendants have agreed to pay $4,500,000 in cash (the "Settlement Fund") to be divided

11   among all eligible Settlement Class Members who send in valid claim forms ("Authorized

12   Claimants"), after payment of Court-approved attorney fees and expenses, and the costs of claims

13   administration, including the costs of printing and mailing this Notice and the cost of publishing

14   newspaper notice (the "Net Settlement Fund").

15       **9.      How much will my payment be?**

16       Your share of the Net Settlement Fund will depend on the number of valid claim forms that

17   Settlement Class Members send in and how many shares of stock you purchased or acquired during

18   the relevant period and when you bought and sold them.

19       In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized

20   Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If,

21   however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total

22   claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of

23   the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all

24   Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized

25   Claimants.

26       A "Claim" will be calculated as follows:

27

28

*COMMON STOCK*

1.   For shares of Wireless common stock *purchased from March 19, 2002 through March 12, 2007*, and

(a)   sold prior to March 13, 2007, the claim per share is $0;

(b)   retained at the end of March 12, 2007, the claim per share is the lesser of (i) the purchase price less $1.36 (90 day average closing price following the Settlement Class Period), or (ii) the alleged inflation amount of $0.65.

*CALL OPTIONS*

1.   For Call Options on Wireless common stock *purchased between March 19, 2002 through March 12, 2007*, and

(a)   owned at the end of March 12, 2007, the claim per Call Option is the difference between the price paid for the Call Option less the proceeds received upon the settlement of the Call Option contract;

(b)   not owned at the end of March 12, 2007, the claim per Call Option is $0.

2.   For Call Options on Wireless common stock *written between March 19, 2002 through March 12, 2007*, the claim per Call Option is $0.

*PUT OPTIONS*

1.   For Put Options on Wireless common stock *written between March 19, 2002 through March 12, 2007*, and

(a)   owned at the end of March 12, 2007, the claim per Put Option is the difference between the amount paid upon settlement of the Put Option contract less the initial proceeds received upon the sale of the Put Option contract.

(b)   not owned at the end of March 12, 2007, the claim per Put Option is $0.

2.   For Put Options on Wireless common stock *purchased between March 19, 2002 through March 12, 2007*, the claim per Put Option is $0.

Note: In the case the option was exercised for Wireless common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using Wireless common stock's closing price on the date the option was exercised. For the purposes

1   of this allocation, the aggregate amount allocated to option holders shall not exceed 3% of the Net

2   Settlement Fund.

3   The date of purchase or sale is the "contract" or "trade" date as distinguished from the

4   "settlement" date.

5   For Settlement Class Members who held Wireless Securities at the beginning of the

6   Settlement Class Period or made multiple purchases or other acquisitions or sales during the

7   Settlement Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings,

8   purchases and sales for purposes of calculating a claim.  Under the FIFO method, sales of Wireless

9   Securities during the Settlement Class Period will be matched against the same type of security, in

10   chronological order, first against securities held at the beginning of the Settlement Class Period.  The

11   remaining sales of securities during the Settlement Class Period will then be matched, in

12   chronological order, against securities purchased during the Settlement Class Period.

13   An Authorized Claimant will be eligible to receive a distribution from the Net Settlement

14   Fund only if a Settlement Class Member had a net loss, after all profits from transactions in Wireless

15   Securities during the Settlement Class Period are subtracted from all losses.  However, the proceeds

16   from sales of securities which have been matched against securities held at the beginning of the

17   Settlement Class Period will not be used in the calculation of such net loss.  No distributions will be

18   made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

19   The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Settlement

20   Class Member on equitable grounds.

21   Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all

22   Authorized Claimants.  No Person shall have any claim against Lead Plaintiff, Plaintiff's Lead

23   Counsel or any claims administrator or other Person designated by Plaintiff's Lead Counsel or

24   Defendants and/or the Related Parties and/or their counsel based on distributions made substantially

25   in accordance with the Stipulation and the settlement contained therein, the Plan of Allocation, or

26   further orders of the Court.  All Settlement Class Members who fail to complete and file a valid and

27   timely Proof of Claim form shall be barred from participating in distributions from the Net

28

1   Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the

2   terms of the Stipulation, including the terms of any judgment entered and the releases given.

3                 **HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM**

4          **10.     How will I get a payment?**

5          To qualify for a payment, you must send in a claim form. A claim form is enclosed with this

6   Notice. Read the instructions carefully, fill out the form, include all the documents the form asks

7   for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2008.

8          **11.     When would I get my payment?**

9          The Court will hold a hearing on _____, 2008, at _____, to decide whether to approve

10  the settlement. If Judge Stormes approves the settlement, there may be appeals. It is always

11  uncertain whether these appeals can be resolved favorably, and resolving them can take time,

12  perhaps more than a year. It also takes time for all the claim forms to be processed. If there are no

13  appeals and depending on the number of claims submitted, the Claims Administrator could distribute

14  the Net Settlement Fund as early as nine months after the fairness hearing. Please be patient.

15         **12.     What am I giving up to get a payment or stay in the Settlement Class?**

16         Unless you exclude yourself, you are staying in the Settlement Class, and that means that you

17  cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same

18  issues in this case or that could have been asserted in this case. It also means that all of the Court's

19  orders will apply to you and legally bind you and you will release your Released Claims in this case

20  against the Defendants. "Released Claims" shall collectively mean all claims or causes of action

21  (including Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of

22  action of every nature and description whatsoever, known or unknown, contingent or absolute,

23  mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that

24  might have been asserted against the Defendants and Released Parties based upon, arising out of, or

25  related to both: (i) any of the facts, transactions, events, occurrences, disclosures, statements, acts,

26  omissions or failures to act which were or could have or might have been alleged in or embraced or

27  otherwise referred to or encompassed by the Action; and (ii) which arise out of the purchase or other

28  acquisition of Wireless Securities during the Settlement Class Period, regardless of upon what legal

1   theory based, whether legal or equitable, including without limitation, claims for negligence, gross

2   negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the

3   common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or

4   federal statutes, rules or regulations.  Released Claims does not include any of the claims asserted in

5   *In re Wireless Facilities Securities Litigation*, Master File No. 04CV1589-JAH (NLS) (S.D. Cal.)

6   ("*Wireless* 2004 Action"); *In re Wireless Facilities, Inc. Deriv. Litig.*, GIC 834253 (San Diego

7   Super. Ct.); *In re Wireless Facilities, Inc. Deriv. Litig.*, 04CV1663-JAH (NLS) (S.D. Cal.); *Hameed*

8   *v. Tayebi*, 07CV0680-BTM (RBB) (S.D. Cal.).  Also excluded from the Released Claims are any and

9   all claims that have been asserted or could be asserted against the Defendants under the Securities

10   Act of 1933, the Securities Exchange Act of 1934, or any other laws, for any conduct complained of

11   in *In re Wireless Facilities, Inc. Initial Public Offering Securities Litigation*, 01 Civ. 4779

12   (SAS)(MBM), as coordinated for pretrial purposes in *In re Initial Public Offering Securities*

13   *Litigation*, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the

14   Southern District of New York.

15                    **EXCLUDING YOURSELF FROM THE SETTLEMENT**

16          If you don't want a payment from this settlement, but you want to keep the right to sue or

17   continue to sue the Defendants on your own about the same issues in this case, then you must take

18   steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to

19   as opting out of the Settlement Class.

20          **13.    How do I get out of the Settlement Class?**

21          To exclude yourself from the Settlement Class, you must send a letter by mail stating that

22   you want to be excluded from *In re Wireless Facilities, Inc. Securities Litigation II*, Master File No.

23   07-CV-00482-BTM(NLS).   You must include your name, address, telephone number, your

24   signature, and the number and type of Wireless Securities you purchased or acquired between March

25   19, 2002 and March 12, 2007, inclusive, the number and type of Wireless Securities sold during this

26   time period, if any, and the dates and prices of such purchases and sales.  You must mail your

27   exclusion request postmarked no later than _____, 2008 to:

28

*Wireless Facilities Securities Litigation II*
EXCLUSIONS
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit.

**14.     If I don't exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves. Remember, the exclusion deadline is _____, 2008.

**15.     If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, do not send in a claim form to ask for any money. Once you exclude yourself, you will receive no cash payment even if you also submit a claim form, unless you withdraw your notice of exclusion before the deadline.

### THE LAWYERS REPRESENTING YOU

**16.     Do I have a lawyer in this case?**

The Court appointed the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Johnson & Perkinson to represent you and other Settlement Class Members. These lawyers are called Plaintiff's Lead Counsel. You will not be charged for these lawyers' work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.     How will the lawyers be paid?**

At the fairness hearing, Plaintiff's Lead Counsel will request the Court to award attorney fees of 25% of the Settlement Fund and for expenses up to $150,000, which were advanced in connection with the Action. If awarded, the cost would be $0.02 per share. This compensation will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. To date, Plaintiff's Lead Counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiff and the Settlement Class, nor have counsel been reimbursed for their expenses. The fee requested will compensate Plaintiff's Lead Counsel for

1   their work in achieving the Settlement Fund and is well within the range of fees awarded to class

2   counsel under similar circumstances in other cases of this type.  The Court may award less than this

3   amount.

4                                       **OBJECTING TO THE SETTLEMENT**

5           You can tell the Court that you don't agree with the settlement or some part of it.

6   **18.      How do I tell the Court that I don't like the settlement?**

7           If you're a Settlement Class Member (and you have not excluded yourself), you can object to

8   the settlement if you do not like any part of it.  You can give reasons why you think the Court should

9   not approve the settlement.  The Court will consider your views.  To object, you must send a signed

10  letter saying that you object to the proposed settlement in *In re Wireless Facilities, Inc. Securities*

11  *Litigation II*, Master File No. 07-CV-00482-BTM(NLS).  Be sure to include your name, address,

12  telephone number, your signature, the number and type of shares of Wireless Securities purchased or

13  acquired and sold between March 19, 2002 and March 12, 2007, and the reasons you object to the

14  settlement.  Any objection to the settlement must be mailed or delivered such that it is received by

15  each of the following no later than _____, 2008:

16                              Clerk of the Court
                           United States District Court
17                          Southern District of California
                       Edward J. Schwartz U.S. Courthouse
18                          880 Front Street, Suite 4290
                               San Diego, CA 92101
19

20              COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
                               KEITH F. PARK
21                         655 West Broadway, Suite 1900
                               San Diego, CA 92101

22                          MORRISON & FOERSTER, LLP
                               TYSON E. MARSHALL
23                        12531 High Bluff Drive, Suite 100
                               San Diego, CA  92130
24

25  **19.      What is the difference between objecting to the settlement and excluding myself**

    **from the settlement?**
26

27          Objecting is telling the Court that you do not like something about the proposed settlement.

28  You can object *only* if you stay in the Settlement Class.  Excluding yourself is telling the Court that

1    you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to

2    object because the case no longer applies to you.

3                                **THE COURT'S FAIRNESS HEARING**

4         The Court will hold a hearing to decide whether to approve the proposed settlement. You

5    may attend, but you don't have to.

6       **20.**      **When and where will the Court decide whether to approve the settlement?**

7         The Court will hold a hearing at _____, on _____, 2008, at the United States District

8    Court for the Southern District of California, Edward J. Schwartz U.S. Courthouse, 940 Front Street,

9    San Diego, CA 92101. At this hearing, the Court will consider whether the settlement is fair,

10    reasonable and adequate. If there are objections, the Court will consider them. The Court will listen

11    to people who have asked to speak at the hearing. The Court will also decide whether to approve the

12    payment of fees, costs and expenses to Plaintiff's Lead Counsel. We do not know how long the

13    hearing will take or whether the Court will make its decision about the settlement on the day of the

14    hearing or sometime later.

15       **21.**      **Do I have to come to the hearing?**

16         No. Plaintiff's Lead Counsel will answer questions Judge Stormes may have. But, you are

17    welcome to come at your own expense. If you send an objection, you don't have to come to Court to

18    talk about it. As long as you mailed your written objection on time, the Court will consider it. You

19    may also pay your own lawyer to attend, but it is not necessary.

20       **22.**      **May I speak at the hearing?**

21         You may ask the Court for permission to speak at the hearing. To do so, you must send a

22    letter saying that it is your intention to appear in *In re Wireless Facilities, Inc. Securities Litigation*

23    *II*, Master File No. 07-CV-00482-BTM(NLS). Be sure to include your name, address, telephone

24    number, your signature, and the number and type of shares of Wireless Securities purchased or

25    acquired between March 19, 2002 and March 12, 2007, inclusive. Your notice of intention to appear

26    must be received no later than _____, 2008 by the Clerk of the Court, Plaintiff's Lead

27    Counsel, and Defendants' Counsel, at the addresses listed in Question 18. You cannot speak at the

28    hearing if you exclude yourself from the Settlement Class.

                07-CV-00482-BTM(NLS)

1   **IF YOU DO NOTHING**

2       **23.    What happens if I do nothing at all?**

3       If you do nothing, you'll get no money from this settlement. But, unless you exclude

4   yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit

5   against the Defendants about the same issues in this case.

6       **GETTING MORE INFORMATION**

7       **24.    Are there more details about the settlement?**

8       This Notice summarizes the proposed settlement. More details are in the Stipulation of

9   Settlement dated May 6, 2008, which has also been filed with the Court. You can get a copy of the

10   Stipulation of Settlement from the Clerk's office at the United States District Court for the Southern

11   District of California, Edward J. Schwartz U.S. Courthouse, 880 Front Street, Suite 4290, San Diego,

12   California 92101, during regular business hours, or at www.gilardi.com.

13       **25.    How do I get more information?**

14       You can call 1-800-449-4900 or write to a representative of Plaintiff's Lead Counsel, Rick

15   Nelson, Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San

16   Diego, CA 92101 or visit the Claims Administrator's website at www.gilardi.com. *Please do not*

17   *call the Court or the Clerk of the Court for additional information about the settlement.*

18       **26.    Special notice to nominees**

19       If you hold any Wireless Securities purchased or acquired between March 19, 2002 and

20   March 12, 2007, inclusive as a nominee for a beneficial owner, then, within ten (10) days after you

21   receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such

22   Persons; or (2) provide a list of the names and addresses of such Persons to the Claims

23   Administrator:

24          *Wireless Facilities Securities Litigation II*
       Claims Administrator

25          c/o Gilardi & Co. LLC
       P.O. Box 8040

26          San Rafael, CA 94912-8040

27

28

1        If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

2    Claims Administrator (without cost to you) as many additional copies of these documents as you

3    will need to complete the mailing.

4        Regardless of whether you choose to complete the mailing yourself or elect to have the

5    mailing performed for you, you may obtain reimbursement for or advancement of reasonable

6    administrative costs actually incurred or expected to be incurred in connection with forwarding the

7    Notice and which would not have been incurred but for the obligation to forward the Notice, upon

8    submission of appropriate documentation to the Claims Administrator.

9    DATED: _____, 2008        BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT

10                                             SOUTHERN DISTRICT OF CALIFORNIA

11   S:\Settlement\Wireless 07.set\V4 A1 00051895.doc

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  KEITH F. PARK (54275)
   HELEN J. HODGES (131674)
3  MICHAEL J. DOWD (135628)
   AMBER L. ECK (177882)
4  TRICIA L. McCORMICK (199239)
   COURTLAND W. CREEKMORE (182018)
5  655 West Broadway, Suite 1900
   San Diego, CA 92101
6  Telephone: 619/231-1058
   619/231-7423 (fax)
7  keithp@csgrr.com
   helenh@csgrr.com
8  miked@csgrr.com
   ambere@csgrr.com
9  triciam@csgrr.com
   ccreekmore@csgrr.com
10
   JOHNSON & PERKINSON
11 DENNIS J. JOHNSON
   JACOB B. PERKINSON
12 EBEN F. DUVAL
   1690 Williston Road
13 South Burlington, VT 05403
   Telephone: 802/862-0030
14 802/862-0060 (fax)
   jplaw@adelphia.net
15
   Co-Lead Counsel for Plaintiffs
16
                  UNITED STATES DISTRICT COURT
17
                SOUTHERN DISTRICT OF CALIFORNIA
18

| 19 | In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION II | ) | Master File No. 07-CV-00482-BTM(NLS) |
|----|----|----|----|
| 20 | | ) | CLASS ACTION |
| 21 | This Document Relates To: | ) | PROOF OF CLAIM AND RELEASE |
| 22 | ALL ACTIONS. | ) | EXHIBIT A-2 |
| 23 | | ) | |

24

25

26

27

28

1  **I.      GENERAL INSTRUCTIONS**

2      1.      To recover as a Member of the Settlement Class based on your claims in the action

3  entitled *In re Wireless Facilities, Inc. Securities Litigation II*, Master File No. 07-CV-00482-

4  BTM(NLS) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and

5  Release.  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim

6  and Release, your claim may be rejected and you may be precluded from any recovery from the

7

8  Settlement Fund created in connection with the proposed settlement of the Action.

9      2.      Submission of this Proof of Claim and Release, however, does not assure that you

10  will share in the proceeds of the settlement of the Action.

11      3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM

12  AND RELEASE POSTMARKED ON OR BEFORE _____, 2008 ADDRESSED AS

13  FOLLOWS:

14

15      *Wireless Facilities Securities Litigation II*
        Claims Administrator
        c/o Gilardi & Co. LLC
16      P.O. Box 8040
        San Rafael, CA 94912-8040
17

18  If you are NOT a Member of the Settlement Class (as defined in the Notice of Pendency and

19  Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim and Release

20  form.

21      4.      If you are a Member of the Settlement Class and you did not timely request exclusion

22  in connection with the proposed settlement, you are bound by the terms of any judgment entered in

23  the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF

24  OF CLAIM AND RELEASE.

25  **II.      DEFINITIONS**

26      1.      "Defendants" means Wireless Facilities, Inc. (now known as Kratos Defense &

27  Security Solutions, Inc.), Masood K. Tayebi, Massih Tayebi, Terry Ashwill, Daniel G. Stokely, Eric

28

- 1 -                    07-CV-00482-BTM(NLS)

1  M. DeMarco, Scott I. Anderson, Bandel L. Carano, William A. Hoglund, Scot Jarvis, Laura L.

2  Siegal, Deanna H. Lund and Thomas Munro.

3         2.      "Wireless" means Wireless Facilities, Inc. and any of its predecessors, successors,

4  parents, subsidiaries, divisions or affiliates.

5         3.      "Individual Defendants" means Masood K. Tayebi, Massih Tayebi, Terry Ashwill,

6  Daniel G. Stokely, Eric M. DeMarco, Scott I. Anderson, Bandel L. Carano, William A. Hoglund,

7  Scot Jarvis, Laura L. Siegal, Deanna H. Lund and Thomas Munro.

8         4.      "Wireless Securities" means the publicly traded securities of Wireless.

9  **III.    CLAIMANT IDENTIFICATION**

10        If you purchased or acquired Wireless Securities and held the certificate(s) in your name, you

11 are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Wireless

12 Securities and the certificate(s) were registered in the name of a third party, such as a nominee or

13 brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

14        Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record

15 ("nominee"), if different from the beneficial purchaser of Wireless Securities which forms the basis

16 of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER

17 OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR

18 PURCHASERS, OF THE WIRELESS SECURITIES UPON WHICH THIS CLAIM IS BASED.

19        All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators

20 and trustees must complete and sign this claim on behalf of persons represented by them and their

21 authority must accompany this claim and their titles or capacities must be stated.  The Social

22 Security (or taxpayer identification) number and telephone number of the beneficial owner may be

23 used in verifying the claim.  Failure to provide the foregoing information could delay verification of

24 your claim or result in rejection of the claim.

25 **IV.    CLAIM FORM**

26        Use Part II of this form entitled "Schedule of Transactions in Wireless Securities" to supply

27 all required details of your transaction(s) in Wireless Securities.  If you need more space or

28

2a933a241c6d351f

1    additional schedules, attach separate sheets giving all of the required information in substantially the

2    same form. Sign and print or type your name on each additional sheet.

3        On the schedules, provide all of the requested information with respect to *all* of your

4    purchases and *all* of your sales of Wireless Securities which took place at any time between March

5    19, 2002 and March 12, 2007, inclusive (the "Settlement Class Period"), whether such transactions

6    resulted in a profit or a loss. You must also provide all of the requested information with respect to

7    *all* of the Wireless Securities you held at the beginning of trading on March 19, 2002, and at the

8    close of trading on March 12, 2007. Failure to report all such transactions may result in the rejection

9    of your claim.

10       List each transaction in the Settlement Class Period separately and in chronological order, by

11    trade date, beginning with the earliest. You must accurately provide the month, day and year of each

12    transaction you list.

13       The date of covering a "short sale" is deemed to be the date of purchase of Wireless

14    Securities. The date of a "short sale" is deemed to be the date of sale of Wireless Securities.

15       Copies of broker confirmations or other documentation of your transactions in Wireless

16    Securities should be attached to your claim. Failure to provide this documentation could delay

17    verification of your claim or result in rejection of your claim.

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

*In re Wireless Facilities, Inc. Securities Litigation II*

Master File No. 07-CV-00482-BTM(NLS)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2008

<u>Please Type or Print</u>

PART I:          CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____        _____

City                                                          State or Province

_____        _____

Zip Code or Postal Code                           Country

_____         _____     Individual
                                                                              Corporation/Other
Social Security Number or
Taxpayer Identification Number

_____         _____

Area Code                    Telephone Number (work)

_____         _____

Area Code                    Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

- 4 -                                    07-CV-00482-BTM(NLS)

PART II:          SCHEDULE OF TRANSACTIONS IN WIRELESS SECURITIES

A.     Number and type of shares of Wireless Securities held at the beginning of trading on March 19, 2002: _____

B.     Purchases (March 19, 2002-March 12, 2007, inclusive) of Wireless Securities:

| Trade Date Mo. Day Year | Number of Shares Purchased | Type of Security Purchased | Total Purchase Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

IMPORTANT: Identify by number listed above all purchases in which you covered a "short sale": _____

C.     Sales (March 19, 2002-March 12, 2007, inclusive) of Wireless Securities:

| Trade Date Mo. Day Year | Number of Shares Sold | Type of Security Sold | Total Sales Price |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ | 3._____ |

D.     Number and type of shares of Wireless Securities held at the close of trading on March 12, 2007: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND YOUR SIGNATURE ON PAGE __ WILL CONSTITUTE YOUR ACKNOWLEDGMENT OF THE RELEASE.**

**V.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Southern District of California, with respect to my claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Action. I agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I have not submitted any other claim covering the same purchases or sales of Wireless Securities during the Settlement Class Period and know of no other person having done so on my behalf.

**VI.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release and discharge from the Released Claims each and all of the "Released Parties," defined as each and all of the Defendants, their past, present, or future directors, officers, employees, partners, insurers, co-insurers, reinsurers, principles, agents, controlling shareholders, attorneys, accountants or auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, members of the Individual Defendants' immediate family, and any trust of which any Defendant is the settler or which is for the benefit of any Individual Defendant and/or members of his/her immediate family, and any entity in which a Defendant and/or any member of Defendants' immediate family has or have a controlling interest (directly or indirectly).

2.    "Released Claims" shall collectively mean all claims or causes of action (including Unknown Claims), demands, rights, liabilities, suits, debts, obligations and causes of action of every nature and description whatsoever, known or unknown, contingent or absolute, mature or unmature, discoverable or undiscoverable, whether concealed or hidden, asserted or that might have been asserted against the Defendants and Released Parties based upon, arising out of, or related to both: (i) any of the facts, transactions, events, occurrences, disclosures, statements, acts, omissions or

1   failures to act which were or could have or might have been alleged in or embraced or otherwise

2   referred to or encompassed by the Action; and (ii) which arise out of the purchase or other

3   acquisition of Wireless Securities during the Settlement Class Period, regardless of upon what legal

4   theory based, whether legal or equitable, including without limitation, claims for negligence, gross

5   negligence, fraud, breach of fiduciary duty, breach of the duty of care or loyalty or violations of the

6   common law, administrative rule or regulation, tort, contract, equity, or otherwise or of any state or

7   federal statutes, rules or regulations.  Released Claims does not include any of the claims asserted in

8   *In re Wireless Facilities Securities Litigation*, Master File No. 04CV1589-JAH (NLS) (S.D. Cal.)

9   ("*Wireless* 2004 Action"); *In re Wireless Facilities, Inc. Deriv. Litig.*, GIC 834253 (San Diego

10  Super. Ct.); *In re Wireless Facilities, Inc. Deriv. Litig.*, 04CV1663-JAH (NLS) (S.D. Cal.); *Hameed*

11  *v. Tayebi*, 07CV0680-BTM (RBB) (S.D. Cal.).  Also excluded from the Released Claims are any and

12  all claims that have been asserted or could be asserted against the Defendants under the Securities

13  Act of 1933, the Securities Exchange Act of 1934, or any other laws, for any conduct complained of

14  in *In re Wireless Facilities, Inc. Initial Public Offering Securities Litigation*, 01 Civ. 4779

15  (SAS)(MBM), as coordinated for pretrial purposes in *In re Initial Public Offering Securities*

16  *Litigation*, Master File No. 21 MC 92 (SAS), pending in the United States District Court for the

17  Southern District of New York.

18          3.      "Wireless Securities" means the publicly traded securities of Wireless.

19          4.      This release shall be of no force or effect unless and until the Court approves the

20  Stipulation of Settlement and the Stipulation becomes effective on the Effective Date (as defined in

21  the Stipulation).

22          5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or

23  purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

24  release or any other part or portion thereof.

25          6.      I (We) hereby warrant and represent that I (we) have included information about all

26  of my (our) transactions in Wireless Securities which occurred during the Settlement Class Period as

27  well as the number of shares of Wireless Securities held by me (us) at the beginning of trading on

28  March 19, 2002 and at the close of trading on March 12, 2007.

07-CV-00482-BTM(NLS)

7.     I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

Note:  If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of_____
                                                                      (Month/Year)

in _____
              (City)                              (State/Country)

_____
                              (Sign your name here)

_____
                       (Type or print your name here)

_____
                   (Capacity of person(s) signing,
                   *e.g.*, Beneficial Purchaser or Acquirer,
                   Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.     Please sign the above release and declaration.

2.     Remember to attach supporting documentation, if available.

3.     Do not send original stock certificates.

4.     Keep a copy of your claim form for your records.

5.     If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

S:\Settlement\Wireless 07.set\V3 A2 00051896.doc



1 COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
2 KEITH F. PARK (54275)
HELEN J. HODGES (131674)
3 MICHAEL J. DOWD (135628)
AMBER L. ECK (177882)
4 TRICIA L. McCORMICK (199239)
COURTLAND W. CREEKMORE (182018)
5 655 West Broadway, Suite 1900
San Diego, CA 92101
6 Telephone: 619/231-1058
619/231-7423 (fax)
7 keithp@csgrr.com
helenh@csgrr.com
8 miked@csgrr.com
ambere@csgrr.com
9 triciam@csgrr.com
ccreekmore@csgrr.com

10

JOHNSON & PERKINSON
11 DENNIS J. JOHNSON
JACOB B. PERKINSON
12 EBEN F. DUVAL
1690 Williston Road
13 South Burlington, VT 05403
Telephone: 802/862-0030
14 802/862-0060 (fax)
jplaw@adelphia.net

15

Co-Lead Counsel for Plaintiffs

16

UNITED STATES DISTRICT COURT

17

SOUTHERN DISTRICT OF CALIFORNIA

18

| 19 | In re WIRELESS FACILITIES, INC. SECURITIES LITIGATION II | ) | Master File No. 07-CV-00482-BTM(NLS) |
|---|---|---|---|
| 20 | | ) ) | CLASS ACTION |
| 21 | This Document Relates To: | ) ) | SUMMARY NOTICE |
| 22 | ALL ACTIONS. | ) ) | EXHIBIT A-3 |
| 23 | | ) | |

24

25

26

27

28

1   TO:     ALL PERSONS ("SETTLEMENT CLASS MEMBERS") WHO PURCHASED WIRELESS
        FACILITIES, INC. ("WIRELESS") SECURITIES BETWEEN MARCH 19, 2002 AND
2       MARCH 12, 2007, INCLUSIVE

3           YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District

4   Court for the Southern District of California, a hearing will be held on _____, at

5   __:__ __.m., before the Honorable Nita L. Stormes, at the Edward J. Schwartz U.S. Courthouse,

6   United States District Court for the Southern District of California, 940 Front Street, San Diego, CA

7   92101, for the purpose of determining: (1) whether the proposed settlement of the Action for the sum

8   of $4,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) whether,

9   thereafter, this Action should be dismissed with prejudice against the Defendants as set forth in the

10  Stipulation of Settlement dated as of May 6, 2008; (3) whether the Plan of Allocation of settlement

11  proceeds is fair, reasonable and adequate and therefore should be approved; and (4) the

12  reasonableness of the application of Plaintiff's Lead Counsel for the payment of attorney fees and

13  expenses incurred in connection with this Action, together with interest thereon.

14          If you purchased Wireless Securities (*i.e.*, any publicly traded security of Wireless Facilities,

15  Inc. (now known as Kratos Defense & Security Solutions, Inc.,)) between March 19, 2002 and

16  March 12, 2007, inclusive, your rights may be affected by this Action and the settlement thereof. If

17  you have not received a detailed Notice of Pendency and Proposed Settlement of Class Action and a

18  copy of the Proof of Claim and Release, you may obtain copies by writing to *Wireless Facilities*

19  *Securities Litigation II*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael,

20  CA 94912-8040, or by downloading this information at www.gilardi.com. If you are a Settlement

21  Class Member, in order to share in the distribution of the Settlement Fund, you must submit a Proof

22  of Claim and Release no later than _____, 2008, establishing that you are entitled to a recovery.

23  You will be bound by any judgment rendered in the Action unless you request to be excluded, in

24  writing, to the above address, postmarked by _____, 2008.

25          Any objection to the settlement must be filed with the Clerk of the Court no later than

26  _____, 2008 and *received* by the following no later than _____, 2008:

27

28

1        COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
2        KEITH F. PARK
        655 West Broadway, Suite 1900
3        San Diego, CA 92101

4        *Counsel for Lead Plaintiff*

5        MORRISON & FOERSTER, LLP
        TYSON E. MARSHALL
6        12531 High Bluff Drive, Suite 100
        San Diego, CA 92130
7
        *Counsel for Defendants*
8

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

9  **REGARDING THIS NOTICE.**

10  DATED: _____, 2008    BY ORDER OF THE COURT
                            UNITED STATES DISTRICT COURT
11                               SOUTHERN DISTRICT OF CALIFORNIA

12

13  S:\Settlement\Wireless 07.set\V3 A3 00051891.doc

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                  07-CV-00482-BTM(NLS)